## Ulman v. Chickering et al.

(*Circuit Court, D. Massachusetts.* January 16, 1888.)

PATENTS FOR INVENTIONS—LICENSE—ACTION FOR INFRINGEMENT—EQUITY JURISDICTION.

    A licensee, claiming damages for past infringement of a patent, sued in equity in the name of the patentee. *Held,* that the court had no jurisdiction, as the remedy was at law.

In Equity. On defendants' plea to the bill.

This action was brought by William F. Ulman, on behalf of Epaminondas Wilson, against Charles F. Chickering and another, to recover damages for the infringement of a patent. Defendants pleaded in bar to the suit. Plaintiff set down the plea for argument.

*I. D. Van Duzee,* for complainant.

*J. H. Young,* for defendants.

COLT, J. This case now comes before the court on defendants' plea to the bill which the plaintiff had set down for argument. The plea sets up in bar to the suit that the suit is prosecuted in the name of Ulman, by and on behalf of Wilson; that Wilson is the only party interested in prosecuting the suit; that his only interest in the patent in question is under and by virtue of the license granted him June 1, 1877, and that said license was revoked, and his said interest in the patent thereby terminated prior to filing the present bill, August 13, 1880; and that it was so determined by this court in the suit brought by Ulman and his new licensees, Hammacher & Co., against said Wilson.

The only question before the court is the sufficiency in point of law of the facts set up in the plea to prevent the plaintiff's recovery. The plea alleges that the license to Wilson was revoked August 13, 1880. Admitting the truth of this allegation, as the plaintiff does, for the purpose of determining the sufficiency of the plea, the case is one in which the plaintiff's only claim at the time of the filing of his bill, November 23, 1881, was for damages for past infringements, and, therefore, his remedy was at law, and not in equity. The case comes clearly within the decision of *Root* v. *Railway,* 105 U. S. 189, and *Hayward* v. *Andrews,* 106 U. S. 672, 1 Sup. Ct. Rep. 544. There is no distinct equitable ground in the case that can give this court jurisdiction. The fact that Wilson was obliged to sue in the name of the patentee gives him no standing in equity, because he could sue at law in the name of the patentee. *Hayward* v. *Andrews, supra.* The argument of the plaintiff, that the plea sets up an estoppel by judgment which does not bind him because the parties are different, fails to meet the plea, because the plea also specifically alleges that the license was revoked at a certain date which was more than a year prior to the filing of this bill; and it is the admission of the truth of this allegation that is fatal to the bill. The grounds upon which the plaintiff seeks to distinguish this case from

*Root* v. *Railway*, I do not think sufficient to take the case out from the principle there established. Nor in the other reasons urged by the plaintiff do I find any good ground for invoking equitable jurisdiction of the court.

The plea should be sustained and the bill dismissed; and it is so ordered.