**RAINVILLE COMPANY, INC., etc., Plaintiff,**

v.

**CONSUPAK, INC., etc., et al., Defendants.**

Civ. A. No. 75–580.

United States District Court, D. New Jersey.

Feb. 10, 1976.

Carpenter, Bennett & Morrissey by Stephen R. Bosin, Newark, N. J., for plaintiff.

Williamson & Schoeman, New York City, for defendants Consupak, Farrell Plastic, Captive Plastics, John J. Farrell and William Grazine by Peter W. Williamson, New York City.

Weiner, Schoifet & Hendler by Joel R. Weiner, New Brunswick, N. J., for defendant Seiberg.

## OPINION

CLARKSON S. FISHER, District Judge.

This action for patent infringement and related claims is now before the court on motions by the six defendants for an order substituting one Samuel Dubiner as plaintiff or dismissing the complaint for failure to join Dubiner as an indispensable party. F.R.Civ.P. 17 and 19. There are also motions by defendant Seiberg for dismissal for lack of subject matter jurisdiction of the claim alleging breach of fiduciary duty (Count IV), dismissal of the claim alleging breach of an employment agreement (Count V) for the same reason, and dismissal of all claims against him for failure to state a claim upon which relief may be granted, or, alternatively, issuance of an order compelling a more definite statement.

As to defendant Seiberg's separate motions, his argument seems to focus upon his interpretation of Count II, paragraph 17 of plaintiff's complaint as a "conspiracy" allegation, and the absence of details of time, place and effect of the "conspiracy". Further, Mr. Seiberg urges that the claims against him

appearing elsewhere in the Complaint are pendent to the claim alleged in Count II, paragraph 17, so that if that claim fails, so too must the pendent claims.

■ Initially, this court finds Count II, paragraph 17 to allege contributory infringement and that the reference to a conspiracy has little legal significance. Evidence of conspiracy might be relevant to the issue of punitive damages for willful, malicious action in a civil action, but would not constitute a separate ground for recovery. The alleged actionable wrong is contributory infringement, in that the defendant, Seiberg, actively *induced* other defendants to infringe upon plaintiff's patent rights. This is sufficiently alleged to permit the framing of a responsive pleading. As for the defendant's argument that the references to him in Counts III, IV and V are vague, this court finds them to be sufficiently pleaded and a more definite statement is not necessary.

■ Defendant Seiberg also argues that this court lacks jurisdiction over the subject matter of Counts IV and V.[1] Count IV alleges a breach of fiduciary duty and Count V alleges a breach of an employment contract. Whether the allegations in these counts come within the ever-expanding term of "unfair competition", so as to confer original jurisdiction under 28 U.S.C. § 1338(b), or whether they are derived from a common nucleus of operative facts so as to fall within the true pendent jurisdiction of this court need not be decided. This court concludes that it has subject matter jurisdiction over these counts in either event. See, *Schulman v. Huck Finn, Inc.*, 350 F.Supp. 853 (D.Minn.1972), *aff'd.* 472 F.2d 864 (8th Cir. 1973).

As for defendants' motion for joinder of one Samuel Dubiner as a party plaintiff, this court is in agreement with the decision in *Tycom Corp. v. Redaction Corp.*, 380 F.Supp. 1183 (D.Del.1974) to the extent that the approach set forth in Rule 19 of the Fed.R.Civ.P., and not the older cases of *Waterman* (*Waterman v. MacKenzie*, 138 U.S. 252, 11 S.Ct. 334, 34 L.Ed. 923), *Hook* (*Hook v. Hook & Ackerman*, 187 F.2d 52) and *Hartford National B. & T. Co.* (*Hartford National B. & T. Co. v. Henry L. Crowley & Co.*, 219 F.2d 568), referred to in *Tycom* is to control the determination of the joinder issue. *Id.* at 1187.

Plaintiff is successor in interest to what purports to be an exclusive licensing agreement between Samuel Dubiner and Giltech Corporation. Under this agreement, Rainville has ". . . the exclusive right and license, which shall include the right to grant subleases hereunder, to make, have made, use and sell, lease or license the use of . . ." machinery and components embodied in a Canadian patent and a United States patent. Dubiner is to be paid minimum annual royalties and percentage royalties on machines sold, leased or licensed by Rainville. Under paragraph 9 of the agreement, Rainville:

". . . shall have the right to sue any alleged infringer of the [patents] at its own expense and DUBINER agrees to join, if necessary, . . . provided always that DUBINER shall be entitled to demand and receive from [RAINVILLE] an undertaking in writing and a guarantee that DUBINER in such suit shall be saved harmless from all costs, claims, damages or awards of any and every kind against him that may arise out of such suit commenced by [RAINVILLE] . . ."

This paragraph also gives Dubiner the right to sue for past infringement and concludes by stating:

"The party instituting proceedings or suit under this paragraph shall be entitled to receive and to hold any dam-

---

1. Defendant also argues in his brief that the court has only pendent jurisdiction over the allegations in Count III. Under 28 U.S.C. § 1338(b) this court has *original* jurisdiction over the count. See, *A. H. Emery Co. v. Marcan Products Corp.*, 389 F.2d 11, 20 (2d Cir. 1968).

ages recovered unless otherwise agreed."[2]

Paragraph 14 provides that whenever Rainville grants a sublicense it shall notify Dubiner in writing of the name and address of the sublicensee and shall not grant a sublicense on terms less favorable to Dubiner than the terms of the instant license. Finally, paragraph 16 states that if Rainville shall become insolvent, the agreement will automatically terminate. The terms of the agreement are helpful in evaluating the various interests in the patents under consideration, but there are additional considerations which will be examined as this Court analyzes the joinder issue under Rule 19.

In considering Rule 19(a), this court is of the opinion that Dubiner is a person needed for just adjudication of the issues and should be joined. This opinion is based on Rule 19(a)(1) and (2)(ii). In the first instance, Dubiner does retain certain rights under the license agreement, cf. ¶ 9 & 14. More importantly, however, the actions of various parties to this license agreement (Dubiner, Giltech and Rainville) suggest that there are serious questions as to the actual legal rights involved.

In 1971, Dubiner instituted two infringements suits in his own name against Wheaton Industries, Inc. and Jomar Industries, Inc., Giltech's (and Rainville's) competitors. Both suits ended with settlement agreements under which Wheaton and Jomar were given non-exclusive licenses covering the instant patents. Giltech apparently was not consulted during any of the negotiations with either defendant and has refused to consent to the Dubiner-Jomar agreement. (Farrell aff't. ¶ 3).[3] In addition there are numerous letters, obtained after much argument over their discovery, which suggest Dubiner's rights are far more extensive than the terms of the agreement would indicate.[4] These letters further suggest an apparent acknowledgement by Giltech/Rainville that some substantial rights do reside with Dubiner.

It must also be noted that the instant license agreement is automatically terminated upon insolvency. Such a contingency alone would ordinarily not be sufficiently pertinent to a Rule 19 analysis. In the instant case, however, there is a strong indication that Rainville is insolvent. (Williamson aff't. ¶ 3(d); Ex. B, C). While this court does not in any way attempt to determine whether Rainville still has *exclusive* licensing rights in view of Dubiner's past actions, or whether the license agreement is terminated because of Rainville's insolvency, it can be said at the very least that Dubiner continues to assert an interest in the instant patents, and that the defendants face "a substantial risk" of incurring inconsistent obligations (multiple litigation) in his absence. Moreover, as noted in *Tycom, supra,* a judgment in Dubiner's absence might impair or impede his ability to protect his interest. F.R.Civ.P. 19(a).

■ Having concluded that Dubiner is a "necessary" party to the action and should be joined, the court takes note of the fact that Dubiner is in Israel, and there is a question as to whether he will become subject to service of process. Thus, an examination of the application

2. There are provisions of the agreement dealing with division of damages and settlement proceeds.

3. It would appear that part of the reason why Giltech has never approved the Dubiner-Jomar agreement is because of a recital by Dubiner to the effect that no corporation or any entity has exclusive rights to manufacture or use the instant patents. Moreover, the Jomar agreement provides that "Jomar may transfer all benefits under this agreement to its successors and or assigns providing all moneys due hereunder have been paid prior to such transfer". (¶ 3 Consent Agreement). This right seems greater than Rainville's right to assign.

4. Feinberg to Green—Dec. 3, 1970; Rainville to Green—Jan. 28, 1971; Feinberg to Green— March 17, 1971; Feinberg to Green—July 1, 1971. See also Right of First Refusal Agreement of January 10, 1970 between Dubiner and Giltech.

of Rule 19(b) is necessary. In short, this court must determine whether "in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensible". F.R.Civ.P. 19(b).

As to the prejudicial effects of a judgment in Dubiner's absence, it cannot be denied that there exists a great potential for prejudice to the defendants in this case. Not only is it clear from past events that Dubiner has standing to sue (*cf., Tycom, supra* p. 1188, ft. n. 9), but it is not at all unlikely to envision another court concluding that Dubiner's interests (whatever they may be determined to be) were not adequately represented in the instant suit. This is particularly true in light of Rainville's unfavorable financial situation. Rainville could be viewed as being more concerned with avoiding its agreement and royalty obligations with Dubiner, than trying to maintain exclusive licensing rights which were not producing the desired financial return and which had been seriously undermined by previous events. This court cannot deny the potential prejudice of multiple suits with varying results which could be inflicted on these defendants.

Considering the other factors of Rule 19(b), it is difficult to conceive of any way in which the aforementioned prejudice could be avoided or lessened by shaping relief. In this regard, neither party has come forward with any suggestions. The extent to which a judgment in Dubiner's absence would be adequate faces the potential prejudice head-on and runs counter to the policy stated in *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation,* 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971) of having patent controversies settled in a single action.

Finally, the extent to which Rainville would have an adequate remedy if the action were dismissed for non-joinder must be considered. Under the terms of the license agreement, Dubiner agreed to join in Rainville's infringement actions if necessary. (¶ 9 License Agreement). This court sees no reason why this contractual obligation could not be invoked to provide the plaintiff with an adequate remedy. *Tycom, supra* at 1190.

■ In light of the foregoing, this court determines that in equity and good conscience this action should not be allowed to proceed without the joinder of Dubiner. By such joinder Rainville will alleviate the potential prejudice to the defendants, Dubiner and the public. Thus this court concludes that under Rule 19, Dubiner is an indispensible party to the patent infringement claims asserted in the present complaint. Plaintiff will be granted thirty days within which to amend his complaint and join Dubiner as a defendant or an involuntary plaintiff. See, *Independent Wireless Telegraph Co. v. Radio Corporation of America,* 269 U.S. 459, 46 S.Ct. 166, 70 L.Ed. 357 (1926); *Holliday v. Long Mfg. Co.,* 18 F.R.D. 45 (D.N.C.1955); but see, *Gibbs v. Emerson Electric Mfg. Co.,* 29 F.Supp. 810 (D.Mo.1939). Unless Dubiner is so joined, the complaint will be dismissed.

Submit an order.