**MESSERSCHMITT–BOELKOW–BLOHM GmbH, Plaintiff,**

v.

**HUGHES AIRCRAFT COMPANY, Defendant.**

**No. 79 Civ. 3169 (LBS).**

United States District Court, S. D. New York.

Nov. 15, 1979.

Toren, McGeady & Stanger, P. C., New York City, David Toren, Leo Stanger, Gerald H. Kiel, New York City, for plaintiff.

Cole & Deitz, New York City, Anthony J. D'Auria, New York City, Latham, Watkins & Hills, Washington, D. C., Irwin Goldbloom, Robert K. Burgess, David K. Keyser, Washington, D. C., for defendant.

## OPINION

SAND, District Judge.

Plaintiff Messerschmitt-Boelkow-Blohm ("MBB") seeks declaratory and injunctive relief, claiming that two patents related to satellite technology, one owned by and the other licensed to defendant Hughes Aircraft Company ("Hughes"), are invalid. The complaint also seeks relief under the antitrust laws for, *inter alia*, monopolization or attempted monopolization by Hughes, with respect to these patents. Defendant has moved to dismiss this action pursuant to Rules 12(b)(7) and 19(b) of the Federal Rules of Civil Procedure for failure to join indispensable parties. Alternatively, defendant seeks partial summary judgment pursuant to Rule 56(b) on plaintiff's antitrust claim on the ground that a decision in a prior action between Hughes and MBB by the United States District Court for the Middle District of Florida bars the maintenance of the antitrust claim by virtue of its

*res judicata* effect.[1] In light of our decision to dismiss this action, there is no need for us to reach the *res judicata* issue.[2]

## I. *Background*

Defendant is the owner of one patent, No. 3,758,051 (the "Williams Patent") and the exclusive licensee—subject to a royalty free license to the U. S. Government—of the other, Reissue No. 26,887 (the "McLean Reissue"). The patents are closely related in subject matter, and are apparently used together in production. Ownership of the McLean Reissue is in Walter Finch ("Finch") and the trustees of the McLean Family Trust ("McLean Trustees"), who are in the position of licensors to Hughes. The exclusive license gives Hughes control over the McLean Reissue, including litigation involving it, and the right to join Finch and the McLean Trustees as parties to such suits if it so desires.

There have been several suits involving the patents which are the subject of the present litigation.

### A. *The Florida Lawsuit*

In December, 1974, Hughes, Finch and the McLean Trustees joined as plaintiffs in a suit against MBB in the United States District Court for the Middle District of Florida ("The Florida action"), alleging infringement of the two patents at issue in the present suit. MBB counterclaimed that these patents were invalid and that Hughes had violated the antitrust laws. Subsequently, MBB moved for summary judgment, contending that due to the Government's interest in the McLean patent, subject matter jurisdiction lay exclusively in the Court of Claims. That motion was granted on jurisdictional grounds, with no determination made on the merits of the antitrust claims. *Hughes Aircraft Co. v. Messerschmitt-Boelkow-Blohm*, 437 F.Supp. 75 (M.D.Fla.1977). Hughes, Finch and the

McLean Trustees filed an appeal which is currently pending in the Fifth Circuit.

### B. *The Court of Claims Lawsuit*

Another suit, involving only the Williams patent, was brought by Hughes against the United States in the Court of Claims. A trial court level determination has been made that the Williams patent is invalid, and Hughes has appealed.[3]

### C. *The Maryland Lawsuit*

In May of 1978, Finch and the McLean Trustees brought suit against Hughes in the Circuit Court of Baltimore, Maryland ("the Maryland action"), alleging that the exclusive license to the McLean Reissue had been obtained by fraudulent misrepresentations and concealment, and seeking recission of the license agreement and damages for the alleged fraud. The Maryland action is in the discovery stage.

## II. *Issue*

In the present motion, Hughes contends that Finch and the McLean Trustees, as owners and licensors of the McLean Reissue, are indispensable parties to this suit and that dismissal, under Rule 19 of the Federal Rules of Civil Procedure, is required if they are not joined. Plaintiff MBB, on the other hand, argues that in a declaratory suit against the exclusive licensee of a patent, particularly where the licensee has been entrusted with and has exercised in the past the right to sue for infringement, the licensor is not an indispensable party.

Rule 19(a)(2)(i) of the Federal Rules of Civil Procedure provides that, in the event joinder would not deprive a court of jurisdiction, a person "shall be joined as a party" in an action if "he claims an interest relating to the subject matter of the action and . . . disposition of the action in his

---

1. See page 51, *infra.*

2. While we need not pass judgment on the *res judicata* argument, we note, as indicated below, page 51, *infra*, that the Florida court's decision rested on jurisdictional grounds, and did not address itself to the merit of various antitrust contentions.

3. Transcript of oral argument on Motion (September 27, 1979) at page 26.

absence may . . . as a practical matter impair or impede his ability to protect that interest . . .".

Rule 19(b) further provides that a party described in 19(a)(2)(i) is indispensable, and an action should be dismissed in his absence, if the court in "equity and good conscience" determines that the action should not proceed without the presence of that party. In making that determination, Rule 19(b) sets forth four factors to be considered by the Court:

> "[F]irst, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be·adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder."

We now turn to a discussion of Rule 19 as it applies to the motion before us.

### III. *Discussion*

#### A. *Rule 19(a)*

In opposing the defendant's motion to dismiss, plaintiff contends that Finch and the McLean Trustees are not indispensable parties to MBB's action challenging the validity of the McLean Reissue, because Hughes, as exclusive licensee, controls and exercises the incidents of ownership. The plaintiff notes the general rule, conceded by the defendant, that licensors are bound by a judgment of invalidity in a declaratory judgment action, and that they need not be joined as indispensable parties to that action, notwithstanding its binding effect on their rights, if the declaratory judgment action is defended by an exclusive licensee who has authority to institute and control suits for infringement of the patent. *Waterman v. Mackenzie*, 138 U.S. 252, 11 S.Ct. 334, 34 L.Ed. 923 (1891); *A. L. Smith Iron Company v. Dickson*, 141 F.2d 3 (2d Cir. 1944); *Caldwell Manufacturing Co. v. Unique Balance Co.*, 18 F.R.D. 258 (S.D.N.

Y.1955); *Capri Jewelry v. Hattie Carnegie Jewelry Enter.*, 539 F.2d 846, 853 (2d Cir. 1976).

We are, however, unpersuaded by the claim that the general rule is controlling here. The rationale of the general rule is that, whether the exclusive license is considered an assignment of all the patentee's rights or not, the owner suffers no prejudice from a judgment of invalidity in his absence if by agreement he has entrusted the licensee with the right to protect his interests by·suing for infringement. This rationale is undermined when in a separate non-collusive action filed prior to the declaratory suit (the Maryland action), the patent owner charges that the exclusive license agreement is void because fraudulently obtained and seeks its recission. A finding that the owner/licensor is indispensable in this factual context is analogous to holdings that an assignor is indispensable in a suit against an assignee where the assignor disputes the validity of the assignment. *Hubbard v. Manhattan Trust Co.*, 87 F. 51 (2d Cir. 1898); *Brown v. Fletcher*, 231 F. 92 (2d Cir. 1916); *United States v. Barrett*, 315 F.Supp. 941 (D.W.Va.1970); 3A *Moore's Federal Practice* ¶ 19.10 (1979). The identity of interest between patent licensor and exclusive licensee which ordinarily justifies a finding that the licensor is not indispensable, is simply not present where as here, the patent owners are vigorously contending in another non-collusive lawsuit that the license is a nullity and transferred none of the patentee's rights. The lawsuit of Finch and the McLean Trustees would, if successful, render void *ab initio* the very document from which Hughes' interest in the McLean Reissue derives. It is thus plain that Finch and the McLean Trustees continue to assert "an interest relating to the subject of [this] action." F.R.Civ.P. 19(a)(2)(i).

Furthermore, if this Court were to determine in the absence of the licensors that the McLean Reissue is invalid for some reason, it would as a practical matter impair or impede their ability to protect their assert-

ed interest in the patent. Prejudice to the licensors would result from the collateral estoppel effect of a judgment by which, due to the terms of the exclusive license, they may be equitably bound. *Blonder-Tongue Laboratories v. University of Illinois Foundation*, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971). Moreover, such a judgment would have a prejudicial effect on the licensors' interests even if not absolutely binding upon them since it would have persuasive effect in any subsequent litigation between the licensors and an alleged infringer. *Capri Jewelry v. Hattie Carnegie Jewelry Enter.*, 539 F.2d 846, 853 (2d Cir. 1976); *Tycom Corporation v. Redactron Corporation*, 380 F.Supp. 1183, 1190 (D.Del. 1974). These circumstances require a finding that Finch and the McLean Trustees are "necessary" parties.

B. *Rule 19(b)*

█ Having concluded that Finch and the McLean Trustees are "necessary" parties to this action and should be joined, the Court takes note of the fact that neither Finch nor the McLean Trustees are subject to service of process from the Southern District of New York.[4] Thus, an examination of the application of Rule 19(b) is necessary.

After consideration of the factors enumerated in Rule 19(b), this Court also concludes that in equity and good conscience, this proceeding should not go forth in the absence of the licensors, and we therefore find both Finch and the McLean Trustees to be indispensable parties to this declaratory action.

The possible prejudice to their interests in the reissue patent from an adverse determination as to its validity has already been noted, *supra*. To the extent that Finch and McLean might not be bound by such a determination under *Blonder-Tongue* principles, MBB will not have realized its objec-

tive in this suit of eliminating threats of infringement litigation. *Rainville Co. v. Consupak, Inc.*, 407 F.Supp. 221, 225 (D.N.J. 1976). Any measures to lessen these prejudices would necessarily dilute the efficacy of the judgment sought. Furthermore, it appears that dismissal for non-joinder will not leave MBB without an adequate remedy. Finch is a resident of Maryland, a co-owner of the patent, and also apparently has a power of attorney from the McLean Trustees, which would make him their agent for service of process. The parties concede that Hughes does business in Maryland, and is thus subject to suit there.[5] In this factual context, the Court can see no compelling reason for joining the at least three other courts that are presently involved in suits concerning these patents, when an alternative forum in which the licensors may be brought in seems to exist in Maryland.

█ In this case, the arguments advanced by each of the parties have some merit. The Court is well aware that Hughes had a contractual right under § 6.3 of the License Agreement to require the licensors to join in infringement suits and had exercised that right previously in the Florida lawsuit. However, for this Court to require Hughes as defendant to join the licensors would incorrectly shift the burden of insuring that indispensable parties are before the Court from the plaintiff to the defendant.[6] Although this Court is cognizant that MBB's counsel invited the absent licensors to join this lawsuit (Toren Affidavit, Exhibit I), we are not precluded from finding that the absent licensors are indispensable because of their apparent willingness to sustain the risk to their interests by voluntarily staying out of the lawsuit. 3A *Moore's Federal Practice*, ¶ 19.07–1 (2.–1) (1979).

4. *Id.* at pp. 19, 41.

5. *Id.* at 40.

6. *Tycom Corporation v. Redactron Corporation*, 380 F.Supp. 1183 (D.Del.1974), cited by

plaintiff for the proposition that a court may require a licensee to join his licensor pursuant to a contractual provision, is inapposite because in that case, the licensee was the plaintiff.

**54**

The Court is aware that the licensors of the McLean Reissue are indispensable parties only as to the validity of that patent and assert no interest in the Williams Patent. However, dismissal of both of MBB's invalidity claims, including the anti-trust allegations, has been ordered because of the strong judicial policy stated in *Blonder-Tongue* of having patent controversies settled in a single action. See *Rainville Co., Inc. v. Consupak, Inc., supra*, 407 F.Supp. at 225. Both of these patents are currently the subject of lawsuits in other jurisdictions. In the instant suit, as with MBB's counterclaim in the earlier Florida lawsuit, MBB has framed its complaint in the context of only one count. This single count integrates the two patents as the "Patents in Suit". In the interests of judicial economy and efficiency, this Court considers it appropriate to dismiss the entire action so that this controversy can be adjudicated in a single forum with all interested parties present.

While the Court recognizes that dismissal may entail some hardship for the plaintiff, it also has serious doubt that a suit in the Southern District of New York serves a worthwhile purpose. The McLean Reissue patent will expire in 1982. The parties have pointed to no particular reason why this forum is better suited for this litigation, and even if this suit were accorded a high priority, it is not likely that an adjudication on the merits could be had before the imminent expiration of the McLean Reissue renders a substantial portion of the case moot.

For the foregoing reasons, defendants' motion to dismiss is granted for failure to join the patent owners who, on the facts of this case, are indispensable parties.

SO ORDERED.