SUPREX CORPORATION, Plaintiff,

v.

LEE SCIENTIFIC, INC. and Brigham
Young University, Defendants.

Civ. A. No. 86–198.

United States District Court,
W.D. Pennsylvania.

Jan. 21, 1987.

George Raynovich, Jr., Pittsburgh, Pa., for plaintiff.

Scott E. Henderson, Pittsburgh, Pa., Charles E. Miller, for defendants.

## MEMORANDUM OPINION

ZIEGLER, District Judge.

Plaintiff, a Pennsylvania corporation, seeks declaratory, injunctive and compensatory relief from a Utah corporation and a Utah university for their efforts in trying to enforce an allegedly invalid patent. According to the complaint, plaintiff sold a chromatograph apparatus to a third-party purchaser, who later was informed by defendant Lee Scientific, Inc. that the instrument was sold in violation of Lee Scientific's patent. The complaint alleges claims for unfair competition, Sherman Act violations and tortious interference with contractual relations. Defendants moved to dismiss for lack of personal jurisdiction and for failure to join an indispensable party. Defendants further moved to transfer to the Central District of Utah or to stay pending determination of the patent by the U.S. Patent and Trademark Office. We shall dismiss claims against Brigham Young University for lack of personal jurisdiction, and dismiss the complaint under Fed.R.Civ.P. 12(b)(7) and 19(b) because the university, as owner of the patent in controversy, is an indispensable party.

### I. *History of Case*

Suprex Corporation, of Pittsburgh, Pennsylvania, is a high technology company that designs, manufactures and markets equipment for supercritical fluid chromatography. According to the complaint, a chromatograph is an analytical instrument used to separate a mixture of chemicals and biochemicals into a series of pure components. This process is used to determine the chemical composition of the original mixture. Supercritical fluid chromatography apparently is a developing method of chromatography which has a promising scientific, commercial and financially-rewarding future. Based on documents provided to the court, this new technology has piqued the curiosity of chemical companies worldwide and has prompted numerous inquiries to companies and researchers involved in marketing and developing supercritical fluid chromatographic equipment.

Patent 4,479,380, entitled "Open-Tubular Supercritical Fluid Chromatography," was issued in October 1984 to Brigham Young University chemistry professor Milton L. Lee and three others, and was assigned to the university. According to deposition evidence, the patent was licensed by the university to Lee Scientific, Inc., a private Utah-based company that manufactures and sells chromatographic equipment under the university's patent. The university's assistant general counsel has stated that the license agreement provides the university with the right to cancel if Lee Scientific fails to exert best efforts to market the technology, if it is unable to meet the demand for the product, or if it becomes insolvent. Affidavit of Pamela J. Case, at paragraph 3. The license also provides that the university is to be given first option to control and defend any lawsuit involving the patent; in the event it chooses not to defend itself, Lee Scientific may defend the suit and credit all legal ex-

penses against royalties due the university. *Id.*

According to the complaint, plaintiff asked its patent counsel to evaluate the validity of Patent 4,479,380. Counsel advised that the patent was invalid based upon background information and evidence of prior art.

In October 1985, Lee Scientific sent a certified letter to Mobay Chemical Company at its Pittsburgh office, notifying Mobay that a supercritical fluid chromatograph instrument it purchased from Suprex was not licensed under Patent 4,479,380. The letter states: "Lee Scientific Inc. (LSI) has obtained an exclusive patent license from BYU. All other licenses to use this technology must be granted by LSI. Suprex does not have a license to develop, sell, or use such an instrument.... We will expect to hear from you regarding this matter within fifteen (15) days." Several telephone calls ensued between Mobay and Lee Scientific, culminating in a sublicense agreement between the corporations. Deposition of Lee Phillips, at p. 12.

Suprex then filed a four-count complaint against the patent owner and licensee, seeking a declaration that the patent is invalid, that the patentees did not invent the chromatographic process, that defendants are without authority to accuse Suprex of infringement and that Suprex may continue making and selling chromatographic devices. The complaint also seeks an injunction to prevent defendants from threatening Suprex and its customers. The three additional substantive counts, based on unfair competition, Sherman Act and intentional interference with contractual relations, are grounded in a finding of an invalid patent.

Defendants moved to dismiss under Fed. R.Civ.P. 12(b)(2) for lack of personal jurisdiction. In the alternative, if jurisdiction exists only over Lee Scientific, defendants move to dismiss under Fed.R.Civ.P. 12(b)(7) for failure to join the university as an indispensable party. Defendants also moved for a change of venue and for a stay pending a U.S. Patent and Trademark Office ruling on the validity of the patent.

Because we could not determine whether personal jurisdiction existed as to either defendant, we granted plaintiff 90 days to conduct discovery limited to the jurisdictional issue. Numerous depositions of Lee Scientific officials were conducted and requests for production of documents were served upon the university. After discovery information was made available to the court, defendants renewed their motions to dismiss.

## II. *Personal Jurisdiction*

To establish personal jurisdiction, plaintiff must show that defendants have such minimum contacts with the forum state so that "the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). To determine whether minimum contacts are present, courts focus on "the relationship among the defendant, the forum and the litigation." *Shaffer v. Heitner,* 433 U.S. 186, 204, 97 S.Ct. 2569, 2579, 53 L.Ed.2d 683 (1977).

The Court of Appeals in *Dollar Savings Bank v. First Security Bank of Utah,* 746 F.2d 208 (3d Cir.1984), set forth a two-step process to determine whether personal jurisdiction may be asserted over a non-resident defendant. The court first examines whether the cause of action arises from the defendant's forum or non-forum related activities. In the case of defendant's forum related activities, "the defendant's conduct and connection with the forum State ... [must be] such that he should reasonably anticipated being haled into court there." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Furthermore, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958).

Secondly, if the claim arises from defendant's non-forum related activities, "the plaintiff must demonstrate that in other respects (other than contacts related to the

claim itself) the defendant has maintained 'continuous and substantial' forum affiliations." *Gehling v. St. George's School of Medicine, Ltd.*, 773 F.2d 539, 541 (3d Cir. 1985). According to the Pennsylvania long-arm statute, plaintiff must show that defendants carried on "a continuous and systematic part of [their] general business within this Commonwealth." 42 Pa.C.S.A. § 5301(a)(2)(iii). Plaintiff can meet its burden to show jurisdiction by evidence that defendants transacted business in Pennsylvania or performed an act outside Pennsylvania causing harm or tortious injury inside the state. 42 Pa.C.S.A. § 5322(a); *De-Fay v. McMeekin*, 352 Pa.Super. 409, 508 A.2d 324 (1986).

■ We find that Lee Scientific, Inc. is subject to personal jurisdiction in Pennsylvania under the first step of the *Dollar Savings Bank* test. Deposition testimony shows that Lee Scientific negotiated and entered into a sublicense agreement with Mobay Chemical Company of Pittsburgh. The causes of action alleged by plaintiff (wrongful enforcement of an invalid patent, unfair competition, tortious interference with contractual relations) arise from Lee Scientific's attempts to dissuade Mobay from conducting business with Suprex. We do not hold that Lee Scientific's attempt to enforce its patent through its October 25, 1985, letter to Mobay gives rise to jurisdiction; we do find that later negotiations and sublicense agreement between Lee Scientific and plaintiff's Pennsylvania customer are forum related activities directly relating to the injuries complained of by plaintiff. Deposition of Lee Phillips at p. 12; deposition of Milton L. Lee at p. 27; deposition of Douglas Later at p. 50; documents subject to protective order at pps. 47–55. We note that Lee Scientific has had numerous contacts with various Pennsylvania purchasers and suppliers in the past two years. *See*, for example, deposition of Phillips at p. 8, deposition of Hal Rosen at p. 16, deposition of Later at pps. 42–44, deposition of Bruce E. Richter at p. 3, and deposition of Dawn Marie Olson at pps. 5, 10. Because Lee Scientific's forum contacts with Mobay Chemical are sufficient to confer jurisdiction under the due process

clause and Pennsylvania's long-arm statute, we need not consider whether the remaining contacts are sufficient to establish that Lee Scientific engaged in continuous and substantial business activity in Pennsylvania. *Gehling, supra.*

■ As to Brigham Young University, we find that plaintiff has not met its burden to show sufficient contacts for jurisdiction. After adequate discovery, plaintiff has not offered evidence that the university engaged in any forum related contact relating to claims made in the complaint. Plaintiff argues that Lee Scientific has acted as an agent of the university and that the corporation's acts can be implied against the principal. We find plaintiff's assertions speculative. Evidence of record establishes merely that Lee Scientific was a licensee of the patent held by the university, that Lee Scientific once used laboratory facilities of the university, and that a Lee Scientific officer, Dr. Lee, remains a professor of chemistry at the university. Although the license agreement requires Lee Scientific to exert best efforts to develop and market supercritical fluid chromatography equipment, no evidence indicates that Brigham Young University directed Lee Scientific in its efforts to capture the Pennsylvania client of Suprex. The second part of the *Dollar Savings Bank* test is not satisfied because the university's contacts with Pennsylvania are not continuous and substantial. Beyond the typical scholastic and athletic recruiting efforts in the state, Brigham Young University has very few contacts with Pennsylvania. The record indicates that the university owns no property in Pennsylvania, conducts no business in Pennsylvania except for assisting current and prospective students, and has no office or agent in Pennsylvania. Affidavit of H. Hal Visick, at paragraph 5. The only contacts developed in discovery were occasional trips by Dr. Lee to Pennsylvania for various professional seminars. Deposition of Lee at pps. 28–41. We find, therefore, that jurisdiction over Brigham Young University to defend its patent in Pennsylvania would offend due process and

its notions of fair play. *International Shoe Co., supra.*

## III. *Indispensable Party*

Lee Scientific urges the complaint be dismissed in the event Brigham Young University is not subject to jurisdiction. Citing *Messerschmitt-Boelkow-Blohm GmbH v. Hughes Aircraft Co.*, 483 F.Supp. 49 (S.D. N.Y.1979), Lee Scientific argues that the patent owner is an indispensable party to a suit challenging the patent's validity and enforcement. Because the patent owner, Brigham Young University is not subject to suit in Pennsylvania, it is argued, the entire complaint should be dismissed for plaintiff's failure to join an indispensable party, under Fed.R.Civ.P. 12(b)(7) and 19(b).

Under Rule 19(a), a party must be joined in an action if:

> (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest related to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

It a party is deemed necessary under Rule 19(a), but cannot be joined because it is not subject to process, then the court must consider whether the party is indispensable and dismissal is appropriate under Rule 19(b). *Field v. Volkswagenwerk AG*, 626 F.2d 293 (3d Cir.1980). Rule 19(b) lists four factors for the court to consider when determining "whether, in equity and good conscience, the action should proceed without the joinder...." Fed.R.Civ.P. 19(b). The factors are:

> first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed.R.Civ.P. 12(b).

■ We find Brigham Young University to be a necessary party under Rule 19(a). As owner of the patent, the university claims an interest in the validity of the patent, an issue that permeates all four counts of the complaint. A determination by this court of invalidity of the patent, as a practical matter, impairs the university's ability to defend the patent in later litigation, due to collateral estoppel implications.

■ Because the university is a necessary party, we must consider whether the action can proceed in its absence. First, a judgment of patent invalidity in the university's absence would be prejudicial. Such a judgment would devalue the university's asset, reduce royalties now accruing and severely restrict or even destroy the university's ability to develop and market the chromatography technology. Second, the prejudice to the absent patent owner cannot be lessened through the "shaping of relief" because no declaratory, injunctive or compensatory relief would be granted under the existing complaint if the patent's validity were not questioned. Plaintiff argues that the complaint at its bottom states a claim for "declaratory relief against LSI," but such relief requires a finding that Lee Scientific has no authority to enforce an invalid patent owned by the university. Plaintiff's Reply Brief, at p. 16. Third, a judgment rendered without the university may not be adequate. Plaintiff argues that supercritical fluid chromatography was not invented by Dr. Lee and the university, and that the university's patent is invalid due to prior art. The main thrust of plaintiff's complaint is to stop enforcement of the university patent and to free plaintiff in its efforts to market its chromatography equipment. A judgment against the university's licensee will not accomplish this goal. Finally, we believe plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. Plaintiff's counsel recently informed the court that the

patent was declared invalid by the U.S. Patent and Trademark Office. This ruling may inhibit Lee Scientific's efforts to woo clients from Suprex. Further, plaintiff may resort to a forum having personal jurisdiction over both defendants.

Our finding that the university is an indispensable party has broad caselaw support. A patent owner has long been held to be an indispensable party in an enforcement action by its licensee. *Independent Wireless Telegraph Co. v. Radio Corporation of America*, 269 U.S. 459, 46 S.Ct. 166, 70 L.Ed. 357 (1926); *Fremon v. W.A. Sheaffer Pen Co.*, 209 F.2d 627 (8th Cir. 1954); *Hook v. Hook & Ackerman, Inc.*, 187 F.2d 52 (3d Cir.1951) (holding that the patent owner is not an indispensable party in an action brought by an assignee, but is a necessary party in all cases). The Court of Appeals has not ruled that a patent owner is an indispensable party in declaratory judgment actions brought against its licensee. However, we are persuaded by the reasoning of *Messerschmitt, supra*, cited by defendants. There, the Southern District of New York noted the pernicious effect of offensive collateral estoppel on an absent patent owner. As the court held, at 52–53:

> [I]f this Court were to determine in the absence of the licensors that the [patent] is invalid for some reason, it would as a practical matter impair or impede their ability to protect their asserted interest in the patent. Prejudice to the licensors would result from the collateral estoppel effect of a judgment by which, due to the terms of the exclusive license, they may be equitably bound. *Blonder-Tongue Laboratories v. University of Illinois Foundation*, 402 U.S. 313 [91 S.Ct. 1434, 28 L.Ed.2d 788] (1971).

*See also Water Technologies Corp. v. Calco, Ltd.*, 576 F.Supp. 767 (N.D.Ill.1983); *Tycom v. Redactron Corp.*, 380 F.Supp. 1183 (D.Del.1974); Annotation, Joinder—"Necessary" Party, 22 ALR Fed. 765 (Pocket Part 1986).

### IV. *Summary*

Because Lee Scientific entered into an on-going business relationship with plaintiff's client, Mobay Chemical Company of Pittsburgh, and such relationship formed a basis for plaintiff's claims against the company, we hold that Lee Scientific is subject to personal jurisdiction in Pennsylvania. Defendant Brigham Young University is not subject to personal jurisdiction in Pennsylvania because it has engaged in no forum related activities and because its contacts with the forum state are not continuous and substantial. Further, the action will be dismissed under Fed.R.Civ.P. 12(b)(7) and 19(b) because Brigham Young University, as patent owner, is an indispensable party. We need not consider defendant's motions to stay or transfer. A written order will follow.