Mary Amelia **HILFERTY**

v.

Elizabeth **NEESAN and Florence Neesan.**

**Civ. A. No. 80–71.**

United States District Court, E. D. Pennsylvania.

Oct. 17, 1980.

Jack J. Bulkin, Philadelphia, Pa., for plaintiff.

Mitchell A. Kaye, William L. Keller, Philadelphia, Pa., for defendants.

## MEMORANDUM

GILES, District Judge.

On January 8, 1978, a Pennsylvania citizen, while visiting defendants' residence located in the State of New Jersey, fell down stairs in their home and sustained certain injuries allegedly due to defendants' negligence. On January 7, 1980, but within two years of the accident, plaintiff filed suit in this court asserting subject matter jurisdiction under 28 U.S.C. § 1332.

Defendant now moves to dismiss on the ground that this court lacks *in personam* jurisdiction. Plaintiff vigorously contests dismissal and petitions for transfer of the case to the United States District Court for the District of New Jersey under 28 U.S.C. § 1404(a).

Rule 4(e), Fed.R.Civ.P., provides for service of process on a non–resident party pursuant to the statutes of the state in which the district court is held. Plaintiff contends that defendants are subject to service of process under Pennsylvania's Long Arm Statute, 42 Pa.C.S.A. § 5322(a). However, even reading the complaint in the light most favorable to the plaintiff, as we must, *Empire Abrasive Equipment v. H. H. Watson, Inc.,* 567 F.2d 554, 557 (3d Cir. 1977), *Vannaarden v. Grassi,* 488 F.Supp. 720, 722 (E.D.Pa.1980), it is apparent that there are no allegations which satisfy any of the statutory requisites. In relevant part, Section 5322(a) reads as follows:

(a) General rule. A tribunal of this Commonwealth may exercise personal jurisdiction over a person (or the personal representative of a deceased individual who would be subject to jurisdiction under this subsection if not deceased) who acts directly or by an agent, as to a cause of action or other matter arising from such person:

(1) Transacting any business in this Commonwealth. Without excusing other acts which may constitute transacting business in this Commonwealth, any of the following shall constitute transacting business for the purpose of this paragraph:

(i) The doing by any person in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object.

(ii) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object with the intention of initiating a series of such acts.

(iii) The shipping of merchandise directly or indirectly into or through this Commonwealth.

(iv) The engaging in any business or profession within this Commonwealth, whether or not such business requires license or approval by any government unit of this Commonwealth.

(v) The ownership, use or possession of any real property situate within this Commonwealth.

(2) Contracting to supply services or things in this Commonwealth.

(3) Causing harm or tortious injury by an act or omission in this Commonwealth.

(4) Causing harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth.

(5) Having an interest in, using, or possessing real property in this Commonwealth ...

42 Pa.C.S.A. § 5322(a) (1978).

■ Determination of whether this court has *in personam* jurisdiction over the New Jersey defendants depends, in the first sentence, upon whether the defendants' conduct can fairly be characterized as "causing harm within the Commonwealth." This is not a case where it is alleged that the defendants transact business or own property within the state or caused harm by an act or omission occurring in the state or caused harm or tortious injury to the plaintiff in the state by an act or omission outside the state. This court agrees with other courts of this district that the mere fact that a plaintiff may have some residual pain and suffering while recuperating in the forum state from an accident which occurred entirely out of state is not the type of harm "caused in the Commonwealth" which is contemplated by the long arm statute. *See, Shong Ching Lau v. Change*, 415 F.Supp. 627, 629–30 (E.D.Pa.1976); *Kurtz v. Draur*, 434 F.Supp. 958, 961 (E.D.Pa.1977). Moreover, such mere contact does not satisfy the Constitutional requirements of minimal contacts necessary to justify the exercise of *in personam* jurisdiction.

Section 5322 of the Pennsylvania Long Arm Statute further provides that

(b) Exercise of full constitutional power over nonresidents.–In addition to the provisions of subsection (a) the jurisdiction of the tribunals of this Commonwealth shall extend to all persons who are not within the scope of section 5301 (relating to persons) to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States.

42 Pa.C.S.A. § 5322(b).

In *International Shoe Co. v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), the Supreme Court stated the test to be applied as follows:

"[D]ue process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' "

326 U.S. at 316, 66 S.Ct. at 158 (citations omitted). *Accord, Hanson v. Denckla*, 357 U.S. 235, 251, 253, 78 S.Ct. 1228, 1238, 1239, 2 L.Ed.2d 1283 (1958).

Recently the court reaffirmed this basic rationale in *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) when it held in a products liability case that a non–resident automobile retailer and his wholesale distributor were not subject to the long arm jurisdiction of the state of Oklahoma. There, the attenuated contact was that the defendants had sold an automobile in New York to New York residents which fortuitously became involved in an accident in Oklahoma. The Court noted that

"[A]s has long been settled, and as we reaffirm today, a state court may exercise personal jurisdiction over a non–resident defendant only so long as there exists 'minimum contacts' between the defendant and the forum state ... The concept of minimum contacts, in turn, can be seen to perform two related, but distinguishable, functions. It protects the defendant against the burdens of litigating in a distant or inconvenient forum. And it acts to ensure that the states, through their courts, do not reach out beyond the limits imposed on them by their status as co–equal sovereigns in a federal system."

444 U.S. 291–292, 100 S.Ct. at 564.

■ In this case, plaintiff does not allege that defendants have any contacts whatsoever with Pennsylvania. Simply put, defendants are New Jersey citizens and the accident occurred entirely within that state. The minimal contact of residual harm will not satisfy the requirements of the Due Process Clause of the United States Constitution. However, this court will not grant

defendants' motion under Rule 12(b)(2), Fed.R.Civ.P. to dismiss for lack of personal jurisdiction. Instead, we will grant plaintiff's motion to transfer the case to the District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a). That Section provides

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

A hearing was held by the court to ascertain whether a transfer of the case would be appropriate. *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756 (3d Cir. 1973). It is necessary to determine if the proposed transferee court is one in which the action could have been brought and whether convenience of the parties and witnesses and fairness require transfer. *Van Dusen v. Barrack*, 376 U.S. 612, 616–24, 84 S.Ct. 805, 809, 11 L.Ed.2d 945 (1964). The court makes the following findings of fact:

1. Plaintiff is a citizen of the Commonwealth of Pennsylvania.

2. Defendants are citizens of the State of New Jersey.

3. Subject matter jurisdiction exists by virtue of diversity of citizenship of the parties and amount.

4. The accident occurred entirely within the District of New Jersey (Northern Division).

5. All defendants reside within the District of New Jersey.

6. Venue is proper both within the District of New Jersey and the Eastern District of Pennsylvania under 18 U.S.C. § 1391(a).

7. Service of process could properly have been made in the District of New Jersey.

8. This action could have been brought in the District Court of New Jersey and that court would have had personal jurisdiction over the defendants. *Solomon v. Continental American Life Insurance*, 472 F.2d 1043 (3d Cir. 1973).

9. Defendants lack minimum contacts with the Eastern District of Pennsylvania to establish *in personam* jurisdiction.

10. If the court dismisses this action, plaintiff will have no recourse since the applicable state statute of limitations will have run.

11. All witnesses, except plaintiff reside within the District of New Jersey, specifically in the Newark area.

12. If the action were transferred to the District of New Jersey, the forum would be convenient to all parties and witnesses, including the plaintiff who seeks the transfer.

12. This is not a matter of such complexity as would unduly burden the dockets of the transferee court.

13. The interests of justice and fairness would be served by granting the transfer since the action cannot be maintained in this district.

In circumstances where venue is proper, but dismissal would cause the termination of an action because of statutes of limitations, courts have permitted transfer *U. S. v. Berkowitz*, 328 F.2d 358, 361 (3d Cir. 1964); *Corke v. Sameiet M. S. Song of Norway*, 572 F.2d 77, 80–81 (2nd Cir. 1978).

In *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467, 82 S.Ct. 913, 916, 8 L.Ed.2d 39 (1962), the Court held that under 28 U.S.C. § 1406(a), a trial court was permitted to transfer an action where it lacked *in personam* jurisdiction and the statute of limitations had run as to a substantial part of plaintiff's cause of action. It stated:

> When a lawsuit is filed, that filing shows a desire on the part of the plaintiff to begin his case and thereby toll whatever statutes of limitation would otherwise apply. The filing itself shows the proper diligence on the part of the plaintiff which such statutes of limitation were intended to insure.

369 U.S. 467, 82 S.Ct. 916.

Here, plaintiff's delay in bringing suit may be explained by her reliance upon defendants' insurer's representations that the matter would be resolved amicably out of curt. Furthermore, given that the lawsuit, once

transferred, will be prosecuted in a forum closer to, and more convenient for, defendants than for plaintiff, defendants can hardly complain of inconvenience.