508 A.2d 324

**Diane DeFAY**

v.

**Barbara L. McMEEKIN and Michael C. Flood.**

**Appeal of Michael C. FLOOD.**

Superior Court of Pennsylvania.

Argued Jan. 22, 1986.

Filed April 29, 1986.

410

Maria Zulick, Philadelphia, for appellant.

Eugene A. Spector, Philadelphia, for appellee.

Before CAVANAUGH, OLSZEWSKI and TAMILIA, JJ.

TAMILIA, Judge:

This is an appeal from an Order denying appellant's petition to open a default judgment. Plaintiff/appellee, Diane DeFay, a Pennsylvania resident, brought suit in trespass against Barbara L. McMeekin and appellant, Michael C. Flood, a New Jersey resident, alleging their negligence in an automobile accident which occurred in New Jersey. Appellant was served with the complaint on March 5, 1984. On April 5, 1984, he received notice that default would occur if, by April 16, 1984, he failed to plead. On April 25, 1984, appellant having failed to file a responsive pleading, default judgment was entered. On May 18, 1984, appellant filed a petition to open the judgment which was denied. This appeal followed.

Before considering the merit of appellant's argument in favor of opening the default judgment, we must necessarily address appellant's contention that the court lacks personal jurisdiction over him because he is a New Jersey resident and the automobile accident occurred in New Jersey. In determining whether a nonresident defendant's activities bring him within the long-arm jurisdiction of this Commonwealth, we must turn to the Pennsylvania Long Arm Statute, 42 Pa.C.S.A. § 5322(a), which in relevant part reads as follows:

(a) **General rule.**—A tribunal of this Commonwealth may exercise personal jurisdiction over a person (or the personal representative of a deceased individual who would be subject to jurisdiction under this subsection if not deceased) who acts directly or by an agent, as to a cause of action or other matter arising from such person:

(1) Transacting any business in this Commonwealth. Without excluding other acts which may constitute transacting business in this Commonwealth, any of the follow-

ing shall constitute transacting business for the purpose of this paragraph:

(i) The doing by any person in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object.

(ii) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object with the intention of initiating a series of such acts.

(iii) The shipping of merchandise directly or indirectly into or through this Commonwealth.

(iv) The engaging in any business or profession within this Commonwealth, whether or not such business requires license or approval by any government unit of this Commonwealth.

(v) The ownership, use or possession of any real property situate within this Commonwealth.

(2) Contracting to supply services or things in this Commonwealth.

(3) Causing harm or tortious injury by an act or omission in this Commonwealth.

(4) *Causing harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth.* (emphasis added)

42 Pa.C.S.A. § 5322(a) (1978).

Thus, our inquiry of whether *in personam* jurisdiction exists with respect to the New Jersey appellant focuses on whether his conduct can be characterized as "causing harm within this Commonwealth." The United States District Court for the Eastern District of Pennsylvania, applying Pennsylvania law in a diversity action, held that "... the mere fact that a plaintiff may have some residual pain and suffering while recuperating in the forum state from an accident which occurred entirely out of the state is not the type of harm 'caused in the Commonwealth' which is contemplated by the long arm statute." *Hilferty v. Neesan,* 506 F.Supp. 218, 220 (E.D.Pa.1980).

Again, the court in *Dunnigan v. Silverthorn*, 542 F.Supp. 32 (E.D.Pa.1982), dealing with a defendant whose sole contact with the forum state was his involvement in an out-of-state automobile accident with a Pennsylvania resident who sustained injuries as a result, held that residual harm within this state was not a sufficient basis to sustain personal jurisdiction.

In the case *sub judice*, it is clear that the statutory requirements for exercising *in personam* jurisdiction over our New Jersey appellant have not been satisfied. Moreover, appellant's contact with the forum does not satisfy the constitutional requirements of minimal contacts necessary to justify the exercise of *in personam* jurisdiction. Under Pennsylvania law, personal jurisdiction is authorized to the fullest extent allowed under the United States Constitution. 42 Pa.C.S.A. § 5322(b). The constitution requires that the non-resident defendant have certain "minimum contacts" with the forum state. *International Shoe Company v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Pecot, Inc. v. Sirianni*, 295 Pa.Super. 462, 441 A.2d 1324 (1982). The sole contact appellant has with the forum in the instant action is appellee's suffering of residual harm in the forum. This is not sufficient to satisfy the constitutional requirement of minimal contacts. Thus, under both statutory and constitutional analysis, the court did not have personal jurisdiction over appellant at the outset of this action.

So concluding, it becomes unnecessary for us to reach the merits of appellant's argument in support of opening the default judgment. Since the court lacked jurisdiction over appellant, the default judgment itself is a nullity. The lower court was, in essence, powerless to enter a judgment against appellant. *Mischenko v. Gowton*, 307 Pa.Super. 426, 453 A.2d 658 (1982). Where, as here, the judgment was invalid at its inception, we need not address whether appellant has presented legally sufficient reasons for opening the default judgment. *Storm v. Golden*, 338 Pa.Super. 570, 488 A.2d 39 (1985).

Accordingly, we order the default judgment is hereby set aside.

The default judgment is hereby vacated for lack of jurisdiction and the Order denying the petition to open judgment is set aside as being moot.

Jurisdiction relinquished.