557 A.2d 1107

**Bonnie Lou DITZLER, Appellee,**

v.

**Herman Thruston KAMERMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 6, 1989.

Filed May 11, 1989.

John F. Pyfer, Jr., Lancaster, for appellant.

Gary Gene Krafft, Lancaster, for appellee.

Before DEL SOLE, KELLY and HESTER, JJ.

DEL SOLE, Judge:

This is an appeal of a final order of the domestic relations section of the Court of Common Pleas, confirming and ratifying in all respects the recommended order of the Domestic Relations Officer which directed Appellant, Herman Thurston Kamerman, to pay support and provide medical coverage for his four children. Mr. Kamerman and appellee, Mrs. Ditzler, are the parents of four children who reside with Mrs. Ditzler in Lancaster County. Mr. Kamerman resides in Berlin, West Germany, where he is employed as a pilot. The Lancaster court held that Appellant was

validly served with process in Lancaster County, Pennsylvania in accordance with Pa.R.C.P. No. 411, and was thus subject to the jurisdiction of the court.

Mr. Kamerman argues that the Lancaster County Court of Common Pleas erred in asserting personal jurisdiction over him in the instant child support proceedings, and instead the action should have been transferred to West Germany, where the proceeding would have been governed by the Revised Uniform Reciprocal Enforcement of Support Act [RURESA], 23 Pa.C.S.A. §§ 4501 *et seq.* Appellant cites the Pennsylvania Long–Arm Statute 42 Pa.C.S.A. § 5322 which provides in pertinent part:

(b) *Exercise of full constitutional power over nonresidents....* [T]he jurisdiction of the tribunals of this Commonwealth shall extend to all persons who are *not within the scope of section 5301* (relating to persons) to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States. (emphasis added).

Appellant asserts that those contacts sufficient to support personal jurisdiction consistent with the due process clause of the United States Constitution do not exist. He states that he is not now and has never been a resident of the Commonwealth and the parties last marital home before the divorce was Illinois. Moreover, he argues that his limited contacts with Pennsylvania have in no way given rise to the claim for support, and no misconduct on the part of the Appellant has occurred within the Commonwealth. He further states that his visits with the children and his sister in Pennsylvania can not be considered the type of continuous and substantial affiliations with the Commonwealth required for the assertion of personal jurisdiction. *Rogers v. Rogers*, 295 Pa.Super. 160, 441 A.2d 398 (1982).

However, as noted above, the Pennsylvania Long Arm Statute states that minimum contacts analysis applies only

to those people who are not within the scope of § 5301. 42 Pa.C.S.A. § 5301 states:

(a) *General rule.*—The existence of any of the following relationships between a person and this Commonwealth shall constitute *a sufficient basis of jurisdiction* to enable the tribunals of this Commonwealth to exercise general personal jurisdiction over such person, or his personal representative in the case of an individual, and to enable such tribunals to render personal orders against such person or representative:

(1) Individuals.—

(i) *Presence in this Commonwealth at the time when process is served.* (emphasis added).

The record shows that Mr. Kamerman had elective surgery performed at a hospital in Lancaster, Pennsylvania, and it was while he was recuperating at the home of his sister in Lancaster County that he was personally served with the support complaint. Therefore, the application of the minimum contacts test to Appellant's contacts with the Commonwealth is inapposite. Appellant was present within the Commonwealth when served with process.

Our supreme court has held, "jurisdiction of the person is ordinarily acquired by service upon him of the court's process within the territorial limits of its authority ..." *Simpson v. Simpson,* 404 Pa. 247, 251 172 A.2d 168, 171 (1961); *see also, Vaughn v. Love,* 324 Pa. 276, 281, 188 A. 299 (1936). Thus, our courts have held, and the language of of 42 Pa.C.S.A. § 5301 supports the view that presence is a sufficient condition for the exercise of jurisdiction.

Thus we need not determine whether Mr. Kamerman had the requisite minimum contacts with the Commonwealth to justify the assertion of personal jurisdiction over him. Because he was properly served with process while within the Commonwealth, the Court of Common Pleas has jurisdiction over the Appellant in this support action. We therefore affirm the order of the trial court.