593 A.2d 1292

**Joseph GARZONE and Irene Garzone and Lawrence Garzone, Husband and Wife, Appellants,**

**v.**

**John KELLY and Hertz Penske Trucking Company and Louis Cole.**

**Joseph GARZONE and Irene Garzone and Lawrence Garzone, Husband and Wife,**

**v.**

**John KELLY and Hertz Penske Trucking Company and Louis Cole.**

**Appeal of Louis COLE.**

Superior Court of Pennsylvania.

Submitted April 3, 1991.

Filed July 3, 1991.

Peter McNamara, Philadelphia, for appellants in No. 2077.

Eugene A. Luciw, Philadelphia, for appellant in No. 2176 and for Louis Cole, appellee in No. 2077.

Stuart Fiel, Philadelphia, for Garzone, appellees in No. 2176.

James J. Hollowell, Philadelphia, for Hertz Penske, appellee.

Before WIEAND, OLSZEWSKI and BROSKY, JJ.

BROSKY, Judge.

These appeals are from the order of the trial court which transferred appellants' cause of action against appellee to Bucks County. Appellants present two questions for review: (1) whether the trial court erred in transferring the action to Bucks County; and (2) whether appellee's cross-appeal should be quashed. In addition, appellee raises a question as to whether the trial court's order transferring the action to Bucks County should be affirmed, and if not, whether the action against appellee should be dismissed for lack of personal jurisdiction or, in the alternative, whether the case should be remanded to the lower court for a determination as to whether Philadelphia County can properly exercise personal jurisdiction over appellee.[1] For the reasons set forth below, we reverse the order of the trial court and remand for further proceedings consistent with the following discussion.

1. The questions set forth in appellee's statement of questions have been restated for ease of discussion.

The relevant facts are as follows. On December 20, 1988, Joseph Garzone, John Kelly and Louis Cole were attempting to drive across the Ben Franklin Bridge, which connects Camden, New Jersey with the city of Philadelphia, Pennsylvania. After leaving the toll booth area, the men drove their respective vehicles onto the entrance ramp to the bridge where their vehicles collided. Although the cause of the accident is in dispute, it appears that the vehicles operated by Kelly and Cole first came into contact, thereby causing their vehicles to lose control and strike the automobile occupied by Joseph and Irene Garzone, who was a passenger therein. As a result of the accident, appellants, Joseph Garzone, Irene Garzone and Lawrence Garzone, the husband of Irene Garzone, instituted suit in Philadelphia County against John Kelly, his employer, Penske Truck Leasing L.P.[2], and Louis Cole, appellee.[3] All of the parties are residents of or conduct business in Philadelphia, Pennsylvania, with the exception of appellee, who is a resident of New Jersey.[4]

Appellee filed preliminary objections to the complaint in which he questioned Pennsylvania's ability to assert jurisdiction over his person. In ruling on the objections, the trial court concluded that Pennsylvania's exercise of jurisdiction over appellee would not be unreasonable, but without further explanation, ordered appellants' cause of action against appellee transferred to Bucks County.[5] Appellants thereafter filed this timely appeal, docketed at No. 2077

2. PTL was incorrectly designated as Hertz Penske Trucking in appellants' complaint. We observe that neither PTL nor Kelly is a party in these appeals.

3. Although a cross-appeal has been taken, we shall refer to the Garzones as appellants and Cole as appellee.

4. However, the record reveals that appellee has been continuously employed in Morrisville, Pennsylvania for the past three years. *See* Deposition of Louis Cole, at 6 and 12–13. Morrisville is located within Bucks County.

5. In transferring the action to Bucks County, the trial court apparently confused the concepts of jurisdiction and venue by reasoning that the exercise of jurisdiction was proper, but that the action should be tried

Philadelphia 1990 and appellee filed a timely cross-appeal, docketed at No. 2176 Philadelphia 1990. These appeals have been consolidated for appellate review.

Before addressing the merits of these appeals, we must first ascertain whether the order entered by the trial court

in Bucks County, where appellee was employed. *See* Trial Court Opinion, dated August 15, 1990, at 2. Such reasoning is clearly erroneous.

Jurisdiction and venue are distinct legal concepts which cannot be used interchangeably. *See Purcell v. Bryn Mawr Hospital,* 525 Pa. 237, 241 n. 1, 579 A.2d 1282, 1283 n. 1 (1990), *citing County Construction Co. v. Livengood Construction Corp.,* 393 Pa. 39, 44–45, 142 A.2d 9, 13 (1958). As explained by the Supreme Court, "[v]enue is the place in which a particular action is to be brought and determined; it is a matter for the convenience of the litigants. Jurisdiction refers to the competency of a court to determine controversies of the general class to which a case presented for its consideration belongs and to bind the parties by its decision." *See Purcell, supra, quoting County Construction Co.* Thus, a challenge to the jurisdiction of the trial court refers to the power of the court to hear the case and bind the litigants, whereas an objection to venue concedes that the court has the power to hear the case, but requires a determination as to whether there is a more convenient or appropriate forum in which the action should be heard.

In applying these definitions, it is evident that the only question before the trial court was not whether the action should be heard within a particular judicial district in Pennsylvania, but whether Pennsylvania tribunals have the power to bind appellee to an adjudication conducted within this state. The resolution of this question did not mandate a transfer of the action, however. If the trial court had found that jurisdiction over appellee could not be exercised, then the trial court only had to dismiss the action with regard to appellee. As a result, appellants' cause of action against the remaining defendants, PTL and Kelly, would then continue in Philadelphia County because neither of these parties had objected to the lawsuit. In the alternative, if the trial court had upheld jurisdiction against appellee, then suit in Philadelphia County would still have been proper. *See* Pa.R.C.P., Rule 1006(c), 42 Pa.C.S.A. (which provides, in relevant part, that an action to enforce a joint or joint and several liability against two or more defendants may be brought against all defendants in any county in which the venue may be laid against any one of the defendants under the general rules [Pa.R.C.P., Rule 1006(a) (venue against an individual defendant) and Rule 1006(b) (venue against a corporate defendant), 42 Pa.C.S.A.] ). Because venue in Philadelphia County was proper as to defendants Kelly and PTL, the action against appellee could therefore be maintained in Philadelphia County, provided that Pennsylvania could properly exercise personal jurisdiction. In view of this analysis, it is obvious that regardless of the trial court's resolution of the jurisdictional issue, there was no basis for transferring the action to Bucks County.

is appealable.[6] In their Statements of Jurisdiction, the parties aver that the order entered by the trial court is appealable under Pa.R.A.P., Rule 311(c), 42 Pa.C.S.A. *See* Appellants' Brief at 1, and Appellee's Brief at 1.[7] This rule provides that "[a]n appeal may be taken as of right from an order in a civil action or proceeding changing venue, transferring the matter to another court of coordinate jurisdiction, or declining to proceed in the matter on the basis of forum non conveniens or analogous principles." However, our review of the certified record, the briefs submitted by the parties and the trial court's opinion reveals that this case involves a question of jurisdiction, not venue.[8] We must therefore turn to the appropriate rule relating to the appeal of an order sustaining jurisdiction. The rule provides that:

> [a]n appeal may be taken as of right from an order in a civil action or proceeding sustaining ... jurisdiction over the person ... if: (1) the plaintiff, petitioner or other party benefitting from the order files of record within ten days after the entry of the order an election that the order shall be deemed final; or (2) the court states in the order that a substantial issue of ... jurisdiction is presented.

Pa.R.A.P., Rule 311(b)(1)–(b)(2), 42 Pa.C.S.A.

In applying this rule, we observe that neither appellants nor appellee filed an election to have the order made final. Further, the order entered by the trial court does not

6. "Because the question of appealability concerns the jurisdiction of the appellate court, a non-waivable matter, we may raise such an issue *sua sponte* even where, as in the present case, the parties have not done so." *Drohan v. Sorbus, Inc.,* 401 Pa.Super. 29, 34, 584 A.2d 964, 966 (1990).

7. Appellee also contends that this court has jurisdiction over this appeal pursuant to Pa.R.A.P., Rule 311(b), 42 Pa.C.S.A. *See* Appellee's Brief, at 1.

8. The record reveals that none of the defendants in this case questioned the venue of the action or requested a change of venue. Appellee only challenged the jurisdiction of the trial court; he did not request a change of venue. *See* Preliminary Objections of [Appellee] Louis Cole, at paragraph 12. Further, defendants PTL and Kelly filed an answer to the complaint and engaged in discovery with appellants.

contain a statement indicating that there is a substantial issue as to whether jurisdiction is proper. We therefore conclude that neither of the parties have complied with the requisites set forth in Rule 311(b). Under these circumstances, we would ordinarily quash the appeal. *See Okkerse v. Howe,* 521 Pa. 509, 516, 556 A.2d 827, 831 (1989) (in which the Supreme Court observed that where neither of the requisites of Rule 311(b) have been met, the appeal is interlocutory and must be quashed).

Despite these procedural defects, we nevertheless decline to quash the appeal in this instance because it appears that the trial court is responsible for the parties' failure to identify the correct basis of jurisdiction in their briefs. In this case, the trial court entered an order which transferred the action to Bucks County. *See* Order of Trial Court, dated June 26, 1990. As stated above, appellee only raised a question of jurisdiction and not venue. Thus, the trial court could only have entered an order indicating whether appellee's preliminary objections were granted or denied and whether Pennsylvania could or could not assert personal jurisdiction over appellee. Had such an order been entered, the parties could then have taken the necessary steps to perfect appellate jurisdiction pursuant to Rule 311(b). Because the trial court entered an order which purported to change the venue of the action and did not address the question of jurisdiction, the parties had no choice but to appeal the order under Rule 311(c). Under these circumstances, we will exercise our discretion to excuse the parties' failure to comply with the procedural rules and proceed to address the merits of the issues raised by the parties.[9] *See* Pa.R.A.P., Rule 105(a) (which permits this court to disregard the requirements or provisions of any of

9. Because we must first ascertain whether Pennsylvania can exercise jurisdiction over appellee, we will address this question before proceeding to review the arguments relating to the transfer of the action. However, we note that our decision to address the merits of the appeals disposes of appellants' contention that appellee's cross-appeal should be quashed. Further discussion of this issue is therefore unnecessary.

the appellate procedural rules in the interest of expediting decision or for other good cause shown).

In examining the trial court's decision to uphold Pennsylvania's exercise of personal jurisdiction over appellee, we are guided by the following scope of review:

> [W]hen preliminary objections, if sustained, would result in the dismissal of an action, such objections should be sustained only in cases which are clear and free from doubt. Moreover, when deciding a motion to dismiss for lack of personal jurisdiction[,] the court must consider the evidence in the light most favorable to the non-moving party.

*Kenneth H. Oaks, Ltd. v. Josephson,* 390 Pa.Super. 103, 105, 568 A.2d 215, 216 (1989) (citations omitted). We shall evaluate the trial court's decision and the arguments raised by the parties in accordance with this standard.

In determining whether Pennsylvania may assert *in personam* jurisdiction over appellee, this court has observed that

> [j]urisdiction over a nonresident defendant may be based either upon the specific acts of the defendant which gave rise to the cause of action, or upon the defendant's general activity within the forum state. In order for a Pennsylvania court to assert specific jurisdiction, the cause of action *must* arise out of the defendant's activities within the Commonwealth. General jurisdiction, on the other hand, exists regardless of whether the cause of action is related to the defendant's activities in Pennsylvania, as long as the [corporate] defendant's activities in this Commonwealth are "continuous and substantial."

*Derman v. Wilair Services, Inc.,* 404 Pa.Super. 136, 141, 590 A.2d 317, 319–20 (1991) (opinion by Hoffman, J.), *quoting Skinner v. Flymo, Inc.,* 351 Pa.Super. 234, 239–240, 505 A.2d 616, 619 (1986) (citations omitted) (emphasis in original). *See also,* 42 Pa.C.S.A. § 5301(a)–(b) (discussing the requisites of general jurisdiction) and § 5322(a)–(c) (identifying the requirements for specific jurisdiction). We will

separately address each type of jurisdiction as it applies to the facts of this case.

In order for general *in personam* jurisdiction to be exercised,

> the existence of any of the following relationships between a person and this Commonwealth shall constitute a sufficient basis of jurisdiction to enable the tribunals of this Commonwealth to exercise general personal jurisdiction over such person, or his personal representative in the case of an individual, and to enable such tribunals to render personal orders against such person or representative:
>
> (1) Individuals.—
>
> (i) Presence in this Commonwealth at the time when process is served.
>
> (ii) Domicile in this Commonwealth at the time when process is served.
>
> (iii) Consent, to the extent authorized by the consent.

42 Pa.C.S.A. § 5301(a)(1)(i)–(a)(1)(iii).

The record reveals that appellee was served at his residence in Camden, New Jersey. *See* Complaint, Exhibit A (receipt of service). Consequently, appellee was not present in the Commonwealth at the time process was served. *Cf. Ditzler v. Kamerman,* 384 Pa.Super. 184, 557 A.2d 1107 (1989) (in which this court sustained the exercise of general personal jurisdiction over a non-resident defendant under 42 Pa.C.S.A. § 5301(a)(1)(i) who was served with process in accordance with Pa.R.C.P., Rule 411 while he was present in the Commonwealth). Similarly, appellee was not domiciled in the Commonwealth at the time process was served. *See* Complaint, at paragraph 4 (identifying appellee as a resident of New Jersey) and Deposition of Louis Cole at 4–5 and 7 (in which appellee stated that he had lived in New Jersey throughout his entire life). Finally, there are no facts alleged in the complaint or in any of the relevant pleadings which would indicate that appellee has consented to suit in Pennsylvania. We therefore conclude that the

grounds for asserting general personal jurisdiction have not been met.[10]

Our inquiry is not at an end, as we must next ascertain whether grounds for asserting specific jurisdiction exist. Specific jurisdiction is governed by the provisions set forth in 42 Pa.C.S.A. § 5322(a). In addition to these provisions, the statute provides that "the jurisdiction of the tribunals of this Commonwealth shall extend to all persons who are not within the scope of section 5301 (relating to persons) to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 Pa.C.S.A. § 5322(b). Thus, even though jurisdiction does not fall within the grounds prescribed by § 5301, specific jurisdiction over a non-resident defendant may still be obtained. However, "[w]hen jurisdiction over a person is based solely upon this section [that is, § 5322], only a cause of action or other matter arising from acts enumerated in subsection (a), or from acts forming the basis of jurisdiction under subsection (b), may be asserted against him." 42 Pa.C.S.A. § 5322(c). Thus, the cause of action must arise out of the acts which

**10.** In its opinion, the trial court concluded that general personal jurisdiction existed in this case because appellee's contacts with Pennsylvania were "continuous and substantial". *See* Trial Court Opinion, dated August 15, 1990. For support, the lower court relied on the reasoning expressed in *Bork v. Mills,* 458 Pa. 228, 232, 329 A.2d 247, 249 (1974). Although *Bork* was correctly cited, the "continuous and substantial" contacts test set forth therein only applies to corporations, partnerships, limited partnerships, partnership associations, professional associations, unincorporated associations and similar entities. *See* 42 Pa.C.S.A. § 5301(a)(2) and (a)(3). *See also, Derman v. Wilair Services, Inc., supra,* 404 Pa.Super. at 148, 590 A.2d at 323; *Simmers v. American Cyanamid Corp.,* 394 Pa.Super. 464, 474, 576 A.2d 376, 382 (1990); *Skinner v. Flymo, Inc., supra,* 351 Pa.Super. at 240, 505 A.2d at 619; and *Slota v. The Moorings, Ltd.,* 343 Pa.Super. 96, 102, 494 A.2d 1, 4 (1985) (all of which discuss the "continuous and substantial" contacts requirement found in § 5301(a)(2) as it relates to corporate defendants). All of these decisions are inapposite to the facts of this case which involve an individual rather than a corporate defendant. Thus, the trial court erred in utilizing this analysis to support its conclusion.

form the basis of jurisdiction in order for specific jurisdiction to exist. *See* § 5322(c), *Derman* and *Skinner, supra.*

As applied to this case, the record reveals that as of the date of the accident, appellee had been continuously employed within the Commonwealth of Pennsylvania for a period in excess of one year. *See* Deposition of Louis Cole, at 12 and 13.[11] Because the automobile accident did not arise out of appellee's employment, specific jurisdiction may not be asserted under § 5322(a)(1) or (a)(2). Moreover, the accident occurred in New Jersey before the parties reached the bridge. *See* Deposition of Louis Cole, at 9 and Deposition of Officer Dwight Thomas, at 14–16. As a result, the harm or tortious injury which forms the basis of appellants' cause of action did not occur within this Commonwealth. *See* 42 Pa.C.S.A. § 5322(a)(3). Similarly, appellee's activities outside of the Commonwealth did not cause a harm or injury within this state. *See* § 5322(a)(4). *See also, DeFay v. McMeekin,* 352 Pa.Super. 409, 413, 508 A.2d 324, 326 (1986) (in which this court held that an accident victim's suffering of residual harm within this state was an insufficient basis to assert specific jurisdiction over a non-resident defendant where the accident did not occur in Pennsylvania). Finally, the remaining grounds described in § 5322(a)(5)–(a)(10) do not provide a basis for asserting specific personal jurisdiction over appellee because appellants' cause of action does not arise out of these acts, but arises out of appellants' collision with appellee in the state of New Jersey. Because appellants' cause of action does not arise out of any of the acts described in § 5322(a) or out of appellee's contacts with this state the requisites for specific jurisdiction have not been met.

Having found that Pennsylvania cannot exercise jurisdiction over appellee, we must next evaluate the lower court's decision to transfer the action to Bucks County. As discussed above, the defendants in this case neither asserted that venue in Philadelphia County was improper nor

**11.** As of the date of the deposition on June 1, 1990, appellee had been employed in Pennsylvania for nearly three years. *See id.*

requested a transfer of the action to a more convenient forum. *See* note 8, *supra.* Further, there was no question that venue in Philadelphia County was proper. *See* Pa. R.C.P., Rule 1006(a)–(c) (discussing venue against individual and corporate defendants) and note 5, *supra.* Under these circumstances, the trial court abused its discretion in *sua sponte* transferring the action to Bucks County. *See Penox Technologies, Inc. v. Foster Medical Corporation,* 376 Pa.Super. 450, 455, 546 A.2d 114, 116 (1988) (holding that a trial court abused its discretion in transferring an action to Montgomery County for the convenience of the parties and witnesses where venue was proper in Luzerne County and none of the parties had petitioned the court to transfer the action to a more convenient forum). *See also:* Pa.R.C.P., Rule 1006(e), 42 Pa.C.S.A. (providing that a question of improper venue shall be raised by preliminary objection and if not so raised shall be waived) and Pa.R.C.P., Rule 1006(d)(1), 42 Pa.C.S.A. (which requires a party to petition the court for transfer where suit is commenced in a proper, but inconvenient forum). As there was no basis for transferring the action to Bucks County, the lower court's order must be reversed and the action against defendants PTL and Kelly must be remanded to Philadelphia County.

In sum, we concluded that neither of the bases for asserting personal jurisdiction existed in this case. Appellee was not domiciled in Pennsylvania and did not consent to be sued in Pennsylvania. More importantly, appellee was not served with process in Pennsylvania, but received the complaint by mail at his New Jersey residence. Consequently, we found that none of the requirements for asserting general jurisdiction are satisfied. We made a similar determination with regard to the criteria for asserting specific jurisdiction, since the cause of action did not arise out of appellee's contacts with this state, but arose solely out of the accident which occurred in New Jersey. As neither of the bases for exercising personal jurisdiction have been met, the trial court erred in upholding Pennsylvania's exercise of personal jurisdiction over appellee. We also deter-

mined that the trial court abused its discretion in transferring the action to Bucks County since none of the defendants challenged Philadelphia County as a forum of improper venue or petitioned the lower court to transfer the action on grounds of forum *non conveniens.* Accordingly, we reverse the trial court's order and direct the trial court to dismiss the complaint with regard to appellee; we further remand appellants' cause of action against defendants PTL and Kelly to Philadelphia County for further proceedings.

Order reversed. Remanded for further proceedings. Jurisdiction relinquished.