653 A.2d 1292

**Renee BLOOM, Appellant,**

v.

**Joseph FINE, Jr., Hanover Excavating Co., and Guy's Brake Service Co., Appellees.**

Superior Court of Pennsylvania.

Submitted Dec. 19, 1994.

Filed Feb. 7, 1995.

Arthur M. Lobel, Philadelphia, for appellant.

Richard J. Margolis, Philadelphia, for appellees.

Before DEL SOLE, SAYLOR and MONTGOMERY, JJ.

SAYLOR, Judge:

This is an appeal from an order of the Court of Common Pleas of Bucks County sustaining the preliminary objections of Appellees, Joseph Fine, Jr. and Hanover Excavating Company, and dismissing the complaint of Appellant, Renee Bloom, for lack of personal jurisdiction. We affirm.

On September 11, 1989, Appellant, Renee Bloom ("Bloom") was operating a motor vehicle in South Brunswick, New Jersey, when she was struck by a motor vehicle driven by Appellee, Joseph Fine, Jr., ("Fine") and owned by Appellee, Hanover Excavating Company ("Hanover"). On September 5, 1991, Bloom instituted an action against Fine and Hanover in the Court of Common Pleas of Bucks County, based upon her belief that Hanover either had a registered place of business in Pennsylvania or conducted business in Pennsylvania. On December 4, 1991, Hanover and Fine filed preliminary objections alleging lack of jurisdiction on the basis that Hanover neither had an office in Pennsylvania nor conducted business in Pennsylvania. On November 24, 1993, the trial court was advised by Bloom's counsel that "plaintiff will not be able to prove that the defendants conducted business within Pennsylvania." Bloom requested, however, that the trial court transfer the case to the United States district court. The trial court refused to transfer the case and granted Fine and Hanover's preliminary objections, dismissing Bloom's complaint for lack of personal jurisdiction. It is from this order that Bloom appeals.

Bloom raises the following issues on appeal: 1) Whether the trial court erred in granting the preliminary objections in the

nature of a motion to dismiss for lack of personal jurisdiction when the court had jurisdiction pursuant to 42 Pa.C.S.A. § 5322(a)(4); and 2) Whether the trial court erred in failing to transfer this case to federal court.

Bloom contends that the trial court has jurisdiction in this case pursuant to Pennsylvania's long arm statute, 42 Pa.C.S.A. § 5322(a)(4), which provides:

> (a) General rule—A tribunal of this Commonwealth may exercise personal jurisdiction over a person ... who acts directly or by an agent, as to a cause of action or other matter arising from such person:

> (4) Causing harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth.

42 Pa.C.S.A. § 5322(a)(4).

*In DeFay v. McMeekin,* 352 Pa.Super. 409, 508 A.2d 324 (1986), the Superior Court held that the Pennsylvania courts did not have personal jurisdiction over a New Jersey resident under the Pennsylvania long arm statute even though the accident which occurred in New Jersey caused the plaintiff to suffer injuries in Pennsylvania. In doing so, the Superior Court relied upon the district court's reasoning in *Hilferty v. Neesan,* 506 F.Supp. 218 (E.D.Pa.1980), which applied Pennsylvania law in a diversity action and held that:

> the mere fact that a plaintiff may have some residual pain and suffering while recuperating in the forum state from an accident which occurred entirely out of the state is not the type of harm "caused in the Commonwealth" which is contemplated by the long arm statute.

*Id., supra,* 506 F.Supp. at 220.

■ In this case, it is clear that the statutory requirements for exercising personal jurisdiction over Fine and Hanover have not been satisfied. Although Bloom may have suffered residual pain in the forum state of Pennsylvania following the accident in New Jersey, this is not the type of harm contemplated by 42 Pa.C.S.A. § 5322(a).

Additionally, the contacts which Fine and Hanover had with Pennsylvania were not sufficient to satisfy the constitutional requirements necessary to justify the exercise of personal jurisdiction. Pursuant to 42 Pa.C.S.A. § 5322(b), Pennsylvania law authorizes personal jurisdiction to the fullest extent allowable under the United States Constitution. Consistent with constitutional requirements of due process, the non-resident defendant is required to have certain "minimum contacts" with the forum state. *DeFay v. McMeekin*, 352 Pa.Super. 409, 508 A.2d 324 (1986) citing *International Shoe Company v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and *Pecot, Inc. v. Sirianni*, 295 Pa.Super. 462, 441 A.2d 1324 (1982). Here, Bloom admitted in a letter to the trial court that she would not be able to prove that Fine and Hanover conducted business in Pennsylvania. Thus, Fine and Hanover's sole contact with Pennsylvania is Bloom's suffering of residual harm in the forum state, which is clearly not sufficient to satisfy the constitutional requirement of minimum contacts.

Secondly, Bloom claims that the trial court erred by failing to transfer this case to the United States district court. Bloom argues that the trial court is permitted to transfer this case to the United States district court pursuant to 28 U.S.C.A. § 1631 and 42 Pa.C.S.A. § 5103. We disagree.

Section 1631 of the United States Code provides:

Whenever a civil action is filed in a court as defined in Section 610 of this title ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed ...

28 U.S.C.A. § 1631.

The term "courts" in Section 610 is defined as follows:

As used in this chapter the word "courts" includes the courts of appeals and district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, the District Court

of the Virgin Islands, the United States Claims Court, and the Court of International Trade.

28 U.S.C.A. § 610.

Section 1631 pertains only to the transfer of a case within the federal court system and was "broadly drafted to allow transfer between any two Federal courts." *McLaughlin v. Arco Polymers, Inc.*, 721 F.2d 426, 429 (3d Cir.1983).

Nor does 42 Pa.C.S.A. § 5103 provide for the transfer of erroneously filed cases from state to federal court. Section 5103 provides:

(a) General rule—If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or district justice shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth . . .

(b) Federal cases:

(1) Subsection (a) shall also apply to any matter transferred or remanded by any United States court for a district embracing any part of this Commonwealth . . . Where a matter is filed in any United States court for a district embracing any part of this Commonwealth and the matter is dismissed by the United States court for lack of jurisdiction, any litigant in the matter filed may transfer the matter to a court or magisterial district of this Commonwealth . . .

Section 5103 thus allows a court of this Commonwealth to transfer a case to another court within the Commonwealth which has jurisdiction, and permits a litigant to transfer a case dismissed by the United States district court for lack of jurisdiction to a Pennsylvania state court. The statute does not, however, authorize the transfer of a state court action to a federal court.

Order affirmed.