Jibril L. **IBRAHIM**, Appellant

v.

Amy **KRIEBEL**, Education Technician, Library; Robert Coffee, Supervisor, Education Department; R. Clark, Esl, Ged Teacher, Literacy Coordinator; Union County of Pennsylvania, c/o Attorney General of Pennsylvania; Harvey Lappins, Federal Bureau of Prisons Director.

No. 04–1630.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) March 4, 2005.

Decided April 5, 2006.

Jibril L. Ibrahim, White Deer, PA, pro se.

D. Brian Simpson, Office of United States Attorney, Harrisburg, PA, for Amy Kriebel, Robert Coffee, R. Clark, and Harvey Lappins.

Before ROTH, MCKEE and ALDISERT, Circuit Judges.

## OPINION

PER CURIAM

Jibril L. Ibrahim appeals from an order of the United States District Court for the

---

Middle District of Pennsylvania, denying his motion to proceed *in forma pauperis* (ifp). We will affirm the Court's order.

Ibrahim filed a complaint in Pennsylvania's Court of Common Pleas for Union County. That Court granted Ibrahim's motion to proceed ifp, but issued a Rule to Show Cause why the case should not be transferred to federal court or dismissed. After Ibrahim responded, the Court entered an order noting that it lacked subject matter jurisdiction, and transferred the matter to the United States District Court for the Middle District of Pennsylvania.

The District Court treated the complaint as a newly filed complaint, requiring payment of filing fees. The Court initially granted Ibrahim's motion to proceed ifp, relying on his false certification that he had not had three or more actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Later, the defendants asked the Court to take judicial notice that Ibrahim had filed numerous frivolous actions. On February 12, 2004, the Court entered an order rescinding its previous order that had granted Ibrahim's ifp application. The Court ordered Ibrahim to pay the remaining $147.59 within 30 days, and warned that the suit would be dismissed if he failed to pay within that time. Ibrahim timely appealed, and has paid the fee for his appeal.

Ibrahim argues that because he was granted ifp in the state court, the District Court should have honored his ifp status when the case was transferred to the District Court. However, the state court lacked authority to "transfer" the case. *See Bloom v. Fine*, 439 Pa.Super. 350, 653 A.2d 1292 (1995) (state court may not transfer case to federal court). Thus, the District Court properly treated the complaint as a newly filed action. As Ibrahim has had three or more actions dismissed as frivolous or for failure to state a claim, the District Court properly rescinded his ifp status and required payment of fees. 28 U.S.C. § 1915(g). Thus, we will affirm the order of the District Court.