# Jenkins v. Marina District Development Co.

*Patrick J. Rodden,* for appellant.
*Mitchell Stephen Berger,* for appellee.

TERESHKO, *J.,* August 23, 2010—

## I. PROCEDURAL HISTORY

Plaintiff, Brian Jenkins, appeals from an order dated March 22, 2010, where the court granted the preliminary objections of defendant Marina District Development Co. LLC, and dismissed plaintiff's amended complaint.

## II. FACTUAL BACKGROUND

Plaintiff, Brian Jenkins is a resident of New Jersey. He alleges on November 17, 2008, he slipped and fell and sustained injuries due to what he believed to be water on the floor in the bathroom located next to a nightclub, MurMur which is located within the Borgata Hotel Casino and Spa located at One Borgata Way, Atlantic City, New Jersey. (Amended complaint ¶¶4-6.)

On January 29, 2010, plaintiff commenced this action alleging the defendant failed to maintain its property by allowing liquid to accumulate and remain on the floor, which caused plaintiff's accident. (*Id.* at ¶9.) Plaintiff filed his amended complaint on February 16, 2010.

Plaintiff's amended complaint alleges that Marina District Development Co. LLC maintained, controlled, operated and/or acted as a lessor of the Borgata. (*Id.* at ¶2.) Marina District Development Co. LLC's principal place of business is in New Jersey. *(Id.)* The Borgata has an interactive website which allows customers to rent any of their 2,000 guest hotel rooms or purchase tickets to events held in their entertainment complex housing a 2,400-seat event center and a 1,000-seat theater. (Plaintiff's new matter directed to moving defendant ¶2.) While the Borgata advertises to all states, plaintiff claims Marina advertises in Pennsylvania, and, more specifically Philadelphia. (*Id.* at ¶10.)

On February 24, 2010, defendant filed preliminary objections to plaintiff's complaint arguing that Pennsylvania lacks personal jurisdiction over this matter and that Philadelphia County is also an improper venue. By order dated March 22, 2010, this court granted defendant's preliminary objections and dismissed plaintiff's amended complaint.

On May 21, 2010, plaintiff filed an appeal from this court's order and issued his statement of errors complained of on appeal raising the following issues:

"(1) Whether this court committed an error of law or abused its discretion by granting defendant's preliminary objections and dismissing plaintiff's complaint for lack

of personal jurisdiction when there were insufficient contacts with the State of Pennsylvania.

"(2) Whether this court committed an error of law or abused its discretion by granting defendants' preliminary objections and for improper venue where plaintiff failed to establish that defendants regularly conduct business in Philadelphia County." (Plaintiff's statement of matters complained of on appeal, 5/21/10.)

## II. LEGAL ANALYSIS

The standard of review in sustaining preliminary objections is that the court must accept as true all well-pleaded material provided in the plaintiff's complaint and any reasonable inferences which may be drawn from those facts. *Reardon v. Allegheny College,* 926 A.2d 477, 480 (Pa. Super. 2007). Preliminary objections are sustained only where they are clear from doubt. *Id.* It must appear that the law would not permit the plaintiff to recover based upon the facts averred in order for a case to be clear and free from doubt. *Id.*

This court has found that it lacks personal jurisdiction over this action thereby warranting its dismissal. In addition plaintiff has failed to prove that Philadelphia County would have been an appropriate venue.

### *Personal Jurisdiction*

### General Jurisdiction

There are two separate approaches taken to establish that Pennsylvania has jurisdiction over a foreign corporation, "general jurisdiction" and "specific jurisdiction." According to 42 Pa.C.S. §5301(a)(2), a Pennsylvanian

court has general jurisdiction over a corporation if the corporation:

"(i) is incorporated under the laws of Pennsylvania or qualifies as a foreign corporation under those laws,

"(ii) consents to a suit in Pennsylvania, or

"(iii) conducts a *continuous* and *substantial* part of its general business within Pennsylvania." (emphasis added) See also, *Skinner v Flymo Inc.,* 351 Pa. Super. 234, 239-40, 505 A.2d 616, 618 (1986).

Marina does not meet any of the above requirements under this statute. Marina's principal place of business is in New Jersey and it does not consent to the suit being brought in Pennsylvania as evidenced by its filing of preliminary objections. Plaintiff argues that Marina conducts business in Philadelphia, Pennsylvania because of marketing of hotels and soliciting of business via the Borgata internet website, along with other web-based advertisements for the casino that attract Pennsylvania residents. (Plaintiff's response to preliminary objections, pp. 6-7.) Such activities do not amount to "continuous and substantial part of its [Marina's] general business with Pennsylvania," The *Skinner* court explains the type of contacts necessary to claim general jurisdiction include a high percentage of employees or members of the corporation reside in the forum state, substantial income is generated from business in the forum state, or repeated meetings and similar activities were conducted in the forum state. 351 Pa. Super. at 244-45, 505 A.2d at 622-23. Plaintiff fails to show any of the contacts set forth in *Skinner* existed with Marina. Therefore, the Pennsylvania courts have no general jurisdiction over Marina.

## Specific Jurisdiction

Where there is no general jurisdiction found, the alternative is that plaintiff must attempt to establish specific jurisdiction. The question of whether a state may exercise specific jurisdiction over a nonresident defendant must be tested against both the state's long-arm statute (here 42 Pa.C.S. §5322) and the due process clause of the fourteenth amendment. *Bloom v. Fine,* 439 Pa. Super. 350, 653 A.2d 1292 (1995).

Once a defendant asserts a lack of personal jurisdiction, the burden to prove otherwise is on the plaintiff. *Provident National Bank v. California Federal Savings and Loan Inc.,* 819 F.2d 434, 437 (3d Cir. 1987). To satisfy this burden, a plaintiff must establish, with reasonable particularity, sufficient contacts between the defendant and the forum state. *Mellon Bank (East) PSFS v. Farino,* 960 F.2d 1217, 1223 (3d Cir. 1992).

In this case there are two ways to establish jurisdiction under Pennsylvania's long-arm statute:

"(3) Causing harm or tortious injury by an actor or omission in this Commonwealth;

"(4) Causing harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth." 42 Pa.C.S. §5322(a)(3) and (4).

Specific jurisdiction under the Pennsylvania long-arm statute must be based upon specific acts of the defendant in the state which gave rise to the cause of action at issue in the particular case. *Skinner, supra.* (See *Garzone v. Kelly,* 406 Pa. Super. 176, 183, 593 A.2d 1292, 1296 (1991).)

Section 5322(a)(3) is not satisfied because the act causing the injury (the slip and fall at MurMur) did not occur in Pennsylvania. Section 5322(a)(4) also cannot be satisfied because the plaintiff's alleged injury did not occur from an act (water on the floor) outside of Pennsylvania causing an injury in Pennsylvania.

In this case, the cause of action arose out of Marina's alleged failure to maintain its premises at MurMur nightclub which is located in New Jersey, not Pennsylvania.

Along with requirements of the Pennsylvania's long-arm statute, there are also constitutional requirements for when a court may assert specific jurisdiction over an out-of-state defendant. A chain of well-known cases helps analyze the constitutional requirements of specific jurisdiction. First, *International Shoe v. Washington,* 326 U.S. 310, 316 (1945), states there must be sufficient contacts with the state so a suit does not offend "traditional notions of fair play and substantial justice." Second, the plaintiff must show the defendant's activities reasonably should have made it aware it could be haled into court in Pennsylvania. *World-Wide Volkswagen Corporation v. Woodson,* 444 U.S. 286, 297 (1980). Third, the defendant must have purposely availed itself of the privilege of conducting activities in the forum state, thus invoking the benefit and protection of its laws. *Hanson v. Denckla,* 357 U.S. 235, 253 (1958). Fourth, the cause of action must arise from the defendant's activities within the forum state. *Helicopteros Nacionales de Columbia S.A. v. Hall,* 466 U.S. 408, 414-16 (1984).

"[M]ere purchases, even if occurring at regular intervals, are not enough to warrant a state's assertion of in personam jurisdiction over a non-resident corporation in

a cause of action not related to those purchases." *Id.* at 418.

Furthermore, personal jurisdiction "is satisfied if the defendant has 'purposefully directed' his activities at residents of the forum and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Skinner,* 351 Pa. Super. at 240, 505 A.2d at 619; see *Burger King Corporation v. Rudzewicz,* 471 U.S. 462, 472-73; see *Helicopteros Nacionales de Colombia, SA.,* 466 U.S. 408, 413-14.

The Due Process Clause also allows a state to have in personam jurisdiction over a nonresident defendant when "certain minimum contacts" exist between the defendant, the forum state, and the litigation. *Skinner,* 351 Pa. Super. at 241, 505 A.2d at 620. The court in *Skinner* incorporates a balancing test to determine whether personal jurisdiction exists over a non-resident defendant. *Id.* "Once it has been decided that a defendant purposefully established minimum contacts with the forum state, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with "fair play and substantial justice." *Skinner,* 351 Pa. Super. at 244, 505 A.2d at 621; quoting *Burger King Corp.,* 471 U.S. 462, 476.

Here, the crux of the contention by plaintiff is that the website of the Borgata, along with other forms of marketing and web advertising are sufficient contacts with Pennsylvania to establish personal jurisdiction. However, the Borgata website, along with other web-based advertising and marketing of its casino has no relationship to plaintiff's alleged fall at MurMur and are insufficient for personal jurisdiction to exist.

Plaintiff cites the case of *Efford v. The Jockey Club,* 796 A.2d 370 (Pa. Super. 2002), an internet website case brought in Pennsylvania where the company's offices were in Kentucky and New York. *Efford* applies a "sliding scale" of jurisdiction over foreign internet websites based on the degree and type of interactivity on the website. *Id.* at 374. See *Zippo Mfg. Co. v. Zippo Dot Com. Inc.,* 952 F. Supp. 1119, 1124 (W.D. Pa. 1997).

However, the "sliding scale" test of *Efford* is not applicable in this case because, unlike in *Efford,* the cause of action did is not arise from the use of Borgata's website.

Our Superior Court's holding in *Haas v. Four Seasons Campground Inc.,* 952 A.2d 688 (Pa. Super. 2008), did not apply the "sliding scale" because the underlying cause of action did not arise from the defendant's use of the website. *Id.* at 693. The court reasoned, that in order for a business to be subject to specific jurisdiction, a website must target users of the forum state and the use of the website must engage the party in a manner where the underlying transaction gives rise to the claim due to use of the website. *Id.*

In summarizing, the Borgata's web-based advertising and marketing does not amount to sufficient contacts in Pennsylvania, along with the fact that the accident did not arise out of any contacts with the forum state. Plaintiff has failed to show contacts between Marina or the Borgata and the state of Pennsylvania which would have made Marina reasonably aware it could be haled into court in Pennsylvania. *World-Wide Volkswagen Corporation v. Woodson,* 444 U.S. 286, 297 (1980). Other than the Borgata's web-based advertising and marketing,

plaintiff has failed to articulate any reason this case should not be brought in a New Jersey court and why a Pennsylvania court would be a better forum for this case. To maintain notions of fair play and substantial justice, this case should be brought in a New Jersey court where Marina has a principal place of business and conducts business activities. If this case were to remain in Pennsylvania, it would be said that the Borgata website and its web-based advertisements avail Marina to every state.

Therefore, Pennsylvania courts do not have personal jurisdiction over this case.

*Venue*

The plaintiff has also not shown, in the event that Pennsylvania does have personal jurisdiction over this matter, that the defendant corporation satisfies the requirements for Philadelphia County to be the proper venue. The Pennsylvania Rules of Civil Procedure 2179 dealing with venue in a suit against a corporation read:

"(a) Except as otherwise provided by an act of assembly or by subdivision

"(b) of this rule, a personal action against a corporation or similar entity may be brought in and only in

"(1) the county where its registered office of principal place of business is located;

"(2) a county where it regularly conducts business

"(3) the county where the cause of action arose; or

"(4) a county where a transaction or occurrence took place out of which the cause of action arose." See *Purcell v. Bryn Mawr Hospital,* 525 Pa. 237, 240, 579 A.2d 1282, 1283 (1990).

Marina clearly does not meet the criteria of part (1), (3), and (4). It is not registered in Philadelphia County and its principal place of business is in New Jersey. The cause of action (the supposed wet floor causing the slip and fall accident) happened at MurMur in Atlantic City, New Jersey. There is no evidence that a transaction occurred in Philadelphia County that lead to the cause of action.

Plaintiff claims Marina conducts business in Philadelphia County, but has not shown any proof of such.

Pennsylvania applies the "quality" and "quantity" test to determine if business contacts qualify as regularly conduction business for the purposes of determining venue. *Purcell v. Bryn Mawr Hospital,* 525 Pa. 237, 244, 579 A.2d. 1282, 1285 (1990). The "quality of acts mean those directly, furthering or essential to, corporate objects; they do not include incidental acts. Quantity means those acts which are so continuous and sufficient to be general or habitual. . . . [T]he acts in the corporation must be distinguished: those in aid of a main purpose are collateral and incidental, while those [needed] to its existence are direct." *Id.,* 525 Pa. at 244, 579 A.2d at 1285. (original quotations, and quotation marks omitted) See *Shambe v. Delaware and Hudson Railroad Company,* 288 Pa. 240, 135 A. 755 (1927).

Borgata's website is not the sole means for reserving hotel rooms or event tickets and there is also no evidence the website is the main means for doing so. The use of the website is not needed for the existence of its business and therefore not considered a direct act, but an incidental one.

Under this test Borgata s website cannot amount to conducting business in Philadelphia. Neither does any web-based advertising, nor its marketing of its hotels qualify Marina as conducting business within Philadelphia County where the activity is "mere solicitation."

Lastly, Marina's website providing driving directions from Philadelphia and advertising to Philadelphia does not qualify as conducting business in Philadelphia County because, "mere solicitation of business in a particular county does not amount to conducting business." *Purcell,* 525 Pa. at 248, 579 A.2d at 1287.

The court found in *Kubik v. Route 252 Inc.,* 762 A.2d 1119, 1124 (Pa. Super. 2000), specifically rejected the federal court's standard in *Blackburn v. Walker Oriental Rug Galleries Inc.,* where the company was found to have contact with the venue because it, "clearly does business over the Internet" and the contact, "occurs when 'a user can exchange information with the host computer. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the website.' " 762 A.2d 1119, 1124 (Pa. Super. 2000). See *Blackburn v. Walker Oriental Rug Galleries Inc.,* 999 F. Supp. 636, 638 (E.D. Pa. 1998).

The *Kubik* court found that a restaurant's solicitation of patrons from Philadelphia County, the providing of an e-mailed newsletter, driving directions and the sale of gift certificates to Philadelphia residents via its website were no more than mere solicitations and incidental contacts which were insufficient to meet the quantity and quality test to establish venue in Philadelphia County. *Id.* at 1125.

Marina's does not regularly conduct business in Philadelphia County according to the "quality and quantities" standard of *Purcell.* The Borgata's website and its other web-based advertisements amount to mere solicitations of business and incidental contacts with Philadelphia County at best. Without any other allegation by plaintiff that Marina conducts any other activities in Philadelphia which would meet the quality and quantity standard, venue in this county would be improper.

## IV. CONCLUSION

In light of the analysis above, this court respectfully requests the March 22, 2010 order granting the defendant's preliminary objections be affirmed.